**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

———————————————————————

|  |  |  |
|---|---|---|
| OLIVIA B. on behalf of BIJON B., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | No.  14-867 |
| | : | |
| SANKOFA ACADEMY CHARTER SCHOOL, | : | |
| DR. LAMONT MCKIM, LOIS MOSES, | : | |
| THE PENNSYLVANIA DEPARTMENT OF | : | |
| EDUCATION, and CAROLYN DUMARESQ, | : | |
| | : | |
| Defendants. | : | |
| | : | |

———————————————————————

|  |  |
|---|---|
| THE PENNSYLVANIA DEPARTMENT OF | : |
| EDUCATION, and CAROLYN DUMARESQ, | : |
| | : |
| Third Party Plaintiffs, | : |
| | : |
| SANKOFA ACADEMY CHARTER SCHOOL, | : |
| THE VANGUARD SCHOOL, and VALLEY | : |
| FORGE EDUCATIONAL SERVICES, | : |
| | : |
| Third Party Defendants. | : |

———————————————————————

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                    **SEPTEMBER 29, 2014**

Presently before this Court is Plaintiffs, Bijon B. and Olivia B.'s (collectively "Plaintiffs"), "Motion for Civil Contempt," and the separately filed Responses in Opposition submitted by Defendant Lamont McKim ("McKim"), and Defendant Sankofa Academy Charter School ("Sankofa")(collectively "Defendants").  For the reasons set forth below, Plaintiffs' Motion is denied.

1

I.      **BACKGROUND**[1]

    **A. The Parties**

Plaintiff, Bijon B. ("Bijon"), is a 19-year old with disabilities who formerly was a student at Sankofa. Second Am. Compl. ¶ 3. Plaintiff, Olivia B. ("Olivia"), is Bijon's mother. Id. ¶ 4. Sankofa was a public charter school located at 446 West Gay Street in West Chester, Pennsylvania. Id. ¶ 5. The Charter for Sankofa was revoked on June 20, 2014, due to deficient financial record keeping and poor educational performance. See Olivia B. v. Sankofa Academy Charter Sch., No. 14-867, 2014 WL 3797282, at *1 (E.D. Pa. Aug. 1, 2014). Defendant, Dr. Lamont McKim ("McKim"), was the founder and Chief Executive Officer of Sankofa. Second Am. Compl. ¶ 8.

    **B. The Factual Record**

This litigation emanates from a Settlement Agreement (the "Agreement") entered into between Plaintiffs and Sankofa. Id. ¶ 42. The Agreement resulted from Plaintiffs' claims regarding Bijon's allegedly deficient schooling at Sankofa. In the Agreement, Plaintiffs relinquished any claims against Sankofa in exchange for Sankofa's promise to fund Bijon's education at the Vanguard School ("Vanguard").[2] Id. The Agreement was signed by Olivia on December 14, 2012, and by McKim, in his capacity as CEO of the school, on January 5, 2013. Id. ¶¶ 41, 43.

After learning that Sankofa had failed to pay Vanguard the tuition required by the Agreement, Plaintiffs filed a Motion for a Temporary Restraining Order ("TRO") demanding

---

[1] The following recitation of the facts of this case relates only to the instant Motion. A more complete factual record is available at Olivia B. v. Sankofa Academy Charter Sch., No. 14-867, 2014 WL 3797282 (E.D. Pa. Aug. 1, 2014).

[2] Vanguard is a non-profit, licensed school located in Malvern, Pennsylvania.

that Sankofa and McKim "make all tuition payments and comply with all other financial obligations necessary to preserve Bijon B.'s pendent special education placement at the Vanguard School, in accordance with the fully executed Notice of Recommended Assignment dated October 26, 2012, and the Settlement Agreement dated January 5, 2012."  (See Pls.' Mot. for TRO, Feb. 10, 2014.)  After a hearing was held on February 18, 2014, at which both Sankofa and McKim failed to appear, this Court granted Plaintiffs' Motion and ordered Sankofa and McKim to make the required payments to Vanguard.  (See Order, Feb. 18, 2014.)

On March 3, 2014, Plaintiffs filed a Motion for Civil Contempt against Defendants Sankofa and McKim, citing to their failure to adhere to the TRO and requesting that Sankofa and McKim be held in contempt until they comply with the requirements of the TRO entered against them.  (See Pl.'s Mot. for Civil Contempt.)  In addition, Plaintiffs seek an Order requiring that Defendants reimburse them for all damages, costs, fees and expenses incurred in order to bring Defendants into compliance with the TRO.  (Id.)  Responses in Opposition were filed by Defendant McKim on September 17, 2014, and Defendant Sankofa on September 24, 2014.[3] (See Defs.' Resps. in Opp'n. (Doc. Nos. 79, 91)).

"Due process requires notice and a hearing before a finding of contempt is made and before the imposition of contempt sanctions so that the parties 'have an opportunity to explain the conduct deemed deficient . . . and that a record will be available to facilitate appellate review.'"  Harris v. City of Phila., 47 F.3d 1311, 1326 (3d Cir. 1995) (quoting Newton v. A.C. & S. Inc., 918 F.2d 1121, 1127 (3d Cir. 1990)).  In consideration of this requirement, an in-court

---

[3] The Court notes that McKim first appeared in defense of this case on August 28, 2014, and Sankofa first appeared on September 24, 2014.

hearing, which was attended by all parties, was held on September 25, 2014.  At this hearing, oral arguments were presented by the parties regarding Plaintiffs' Motion for Civil Contempt.

In light of the briefings and the oral arguments set forth by the parties, we now proceed to analyze the instant Motion.

## II.   <u>STANDARD OF LAW</u>

"Civil contempt is a severe remedy, and should not be resorted to where there is fair ground of doubt."  <u>Nelson Tool & Machine Co., Inc. v. Wonderland Originals Ltd.</u>, 491 F. Supp. 268, 269 (E.D. Pa 1980).  Proof of contempt requires a movant to demonstrate:  "(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order."  <u>F.T.C. v. Lane Labs-USA, Inc.</u>, 624 F.3d 575, 582 (3d Cir. 2010); <u>Harris</u>, 47 F.3d at 1326.  These elements "must be proven by 'clear and convincing' evidence, and ambiguities must be resolved in favor of the party charged with contempt."  <u>John T. v. Del. Cnty. Intermediate Unit</u>, 318 F.3d 545, 552 (3d Cir. 2003).  Although courts should hesitate to adjudge a defendant in contempt when "there is ground to doubt the wrongfulness of the conduct," an alleged contemnor's behavior does not have to be willful for a court to reach a finding of civil contempt.  <u>Robin Woods Inc. v. Woods</u>, 28 F.3d 396, 399 (3d Cir. 1994) (quoting <u>Quinter v. Volkswagen of Am.</u>, 676 F.2d 969, 974 (3d Cir. 1982)).  In other words, "good faith is not a defense to civil contempt."  <u>Robin Woods</u>, 28 F.3d at 399.

III.     **DISCUSSION**

Although the parties set forth arguments to all three prongs, we find the third prong to be determinative in this case.  Plaintiffs contend that Defendants have disobeyed the TRO by failing to pay any of the required sums to Vanguard on behalf of Bijon.  Defendants do not challenge this assertion as being factually incorrect.  Rather, Sankofa and McKim raise separate defenses as to why either party could not obey the TRO.  The distinct positions propagated by each Defendant correlates to their unique role and status in this litigation.

**A. Defendant Sankofa**

Sankofa raises two distinct defenses to Plaintiffs' contention that it disobeyed the TRO.  First, Sankofa argues that "the Temporary Restraining Order was sought and received based on unproven and untrue allegations.  As such, Plaintiffs should be barred from seeking contempt sanctions arising therefrom."  (Def. Sankofa's Resp. in Opp'n, 4.)  However, it is well-settled law in this Circuit that "the validity of the underlying order is not open to consideration" in deciding a motion for civil contempt.  See Harris, 47 F.3d at 1327; see also Halderman v. Pennhurst State Sch. & Hosp., 673 F.2d 628, 636-37 (3d Cir. 1982).  Therefore, we reject this argument.

Second, Sankofa argues that due to its defunct status and the fact that it is heading into bankruptcy, it cannot pay the sum required by the TRO.  A party's complete financial inability to comply with an order to pay sanctions is a defense to a charge of civil contempt.  Egnotovich v. Greenfield Twp. Sewer Auth., 378 F. App'x 121, 123 (3d Cir. 2010) (citing Hicks v. Feiock, 485 U.S. 624, 638 n.9 (1988)).  In such cases, "an order of civil contempt (is or will become) punitive

if a contemnor is unable to comply with the order."  Camerons Hardware Inc. v. Independence Blue Cross, 363 F. App'x 197, 201 (3d Cir. 2010) (quoting Harris, 47 F.3d at 520).  Here, we are faced with this type of situation.  The charter under which Sankofa operated was revoked on June 20, 2014.  See Sankofa Academy Charter Sch., 2014 WL 3797282, at *1.  "When a charter is revoked . . . . the charter school shall be dissolved."  24 P.S. § 17-1729-A(i).  Thus, Sankofa has stopped receiving government funds.  Furthermore, the evidence adduced at the in-court hearing exhibits that Sankofa was in severe financial distress well before June 2014.[4] Furthermore, at this time, Sankofa is in the process of declaring bankruptcy.  (See Transcript of Oral Argument at 92.)  In the aggregate, this evidence satisfies the Court that Sankofa is unable to pay the amount required by the TRO.  Accordingly, we hold that a finding of civil contempt against Sankofa would be punitive, and in discord with the law in this Circuit.  See Camerons Hardware Inc., 363 F. App'x at 201.

**B.  Defendant McKim**

Notwithstanding McKim's liability for the debts alleged in the TRO, McKim argues that he should not be held in civil contempt because it was impossible for him to obey the TRO.  Physical impossibility is a valid defense against a finding of civil contempt.  See Harris, 47 F.3d at 1324; see also Halderman, 673 F.2d 628, 638-39 (3d Cir. 1982) (holding that impossibility is a defense to a motion for civil contempt).  However, the successful invocation of this defense

---

[4]McKim testified to the poor financial standing of Sankofa in asserting that "the unanticipated cost associated with hiring long term substitute staffing services began to negatively impact the school's cash flow, whereby at the end of the school year, the school was about $40,000 to $50,000 under budget." (Transcript of Oral Argument at 10.)

requires that the defendant take all reasonable steps to comply with the order.  See Harris, 47 F.3d at 1324.

During the September 25, 2014,  in-court hearing, McKim testified that he lacked the authority to act unilaterally to pay the funds obligated by the Agreement.  (See Transcript of Oral Argument at 18.)  Instead, McKim asserted that the payment of funds required action by Sankofa's Board of Trustees (the "Board").  Id.  Thus, compliance with the TRO was contingent on action by the Board, over which McKim had no control.[5]  Pennsylvania law supports this proposition.  See 24 P.S. § 17-1716-A (stating that the Board is explicitly empowered with "the authority to decide matters related to the operation of the school, including, but not limited to, budgeting, curriculum and operating procedures, subject to the school's charter").  In light of these explicitly delegated powers, we agree with McKim's position that it was "physically impossible" for him to comply with the TRO.  See Harris, 47 F.3d at 1324; see also Halderman, 673 F.2d at 638-39.  Furthermore, we find that McKim took all reasonable steps to comply with the Order by notifying the Board of its obligations regarding Plaintiffs.  (See Transcript of Oral Argument at 17-18.)  Consequently, we deny Plaintiff's Motion for Civil Contempt as to McKim.

## IV.   CONCLUSION

Although the Court is disturbed by Defendants' inaction in this case prior to the present proceedings, we do not believe the "severe remedy" of civil contempt is warranted against either Sankofa or McKim.  Here, Sankofa has adequately presented an inability to pay the required

---

[5] McKim testified that as CEO he only "reported to the Board," and lacked the ability to vote on matters before the Board.  (Transcript of Oral Argument at 8.)

sum.  In light of this showing, the underlying function of civil contempt will not be served by its invocation.  See Lundy v. Yost, 405 F. App'x 690, 695 (3d Cir. 2011) (stating that the purpose of civil contempt is to coerce or compensate).  In addition, McKim has demonstrated that his compliance with the TRO was impossible due to his inability to act unilaterally without approval by the Board.  For these reasons, Plaintiffs' Motion for Civil Contempt against Defendants is denied.

An appropriate Order follows.